Matter of Sherry (Moncon, Inc.) (2019 NY Slip Op 09068)





Matter of Sherry (Moncon, Inc.)


2019 NY Slip Op 09068


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

528271

[*1]In the Matter of the Claim of Andrew J. Sherry, Respondent, Moncon, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: November 13, 2019

Before: Mulvey, J.P., Devine, Aarons and Pritzker, JJ.


Goldberg Segalla, LLP, Buffalo (Cory A. DeCresenza of counsel), for appellants.
Kazmierczuk & McGrath, Forest Hills (Joseph Kazmierczuk of counsel), for Andrew J. Sherry, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed June 26, 2018, which ruled, among other things, that the employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In February 2017, claimant, a concrete laborer, sustained a work-related injury to his left ankle when he fell off a plank that was situated atop a pile of debris. Claimant subsequently filed a claim for workers' compensation benefits, which was controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer). A hearing ensued, at the conclusion of which a Workers' Compensation Law Judge (hereinafter the WCLJ) made both oral and written findings establishing the claim for a work-related injury to claimant's left ankle/foot. Following issuance of the WCLJ's written decision establishing the claim, the employer filed an application with the Workers' Compensation Board seeking review of such decision (form RB-89). The Board denied the application, finding, among other things, that the employer's application for Board review was defective because it was not properly filled out pursuant to 12 NYCRR 300.13 (b) (1). The employer appeals.
We affirm. Under the Board's regulations, "'an application to the Board for administrative review of a decision by a WCLJ shall be in the format as prescribed by the Chair of the Board'" (Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019], quoting 12 NYCRR 300.13 [b] [1] [brackets omitted]; see Matter of Swiech v City of Lackawanna, 174 AD3d 1001, 1004 [2019]; Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]), and "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Presida v Health Quest Sys., Inc., 174 AD3d 1196, 1197 [2019]; Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019]; see also Workers' Comp Bd Release Subject No. 046-940, at 2). "In this regard, the Chair of the Board has prescribed that completion of an application for Board review means that 'each section or item of [the application or rebuttal] is completed in its entirety pursuant to the instructions for each form,' and that a form is not filled out completely 'when a party responds to sections or items on the form merely by referring to the attached legal brief or other documentation without further explanation'" (Matter of Perry v Main Bros Oil Co., 174 AD3d at 1258, quoting Workers' Comp Bd Release Subject No. 046-940; accord Matter of Presida v Health Quest Sys., Inc., 174 AD3d at 1197; Matter of Jones v Human Resources Admin., 174 AD3d at 1012; see also 12 NYCRR 300.13 [b] [3] [iii]). As relevant here, "an application for administrative review . . . shall specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]). "The Board may deny an application for review where the party seeking review, other than a claimant who is not represented by counsel, fails to fill out completely the application" (Matter of Perry v Main Bros Oil Co., 174 AD3d at 1259; see 12 NYCRR 300.13 [b] [4]; Matter of Waufle v Chittenden, 167 AD3d at 1136).
The record reflects that when the employer filed the application for Board review (form RB-89), question number 15 on that application requested that it "[s]pecify the objection or exception interposed to the ruling and when it was interposed as required by 12 NYCRR 300.13 (b) (2) (ii)." In response to question number 15, the employer stated, "The [WCLJ] issued a decision on 1/11/18 and an appeal immediately ensued objecting to his findings." Although the employer's response to question number 15 stated that it was generally objecting to the decision of the WCLJ, the employer failed to identify any specific finding made by the WCLJ to which it was objecting. By failing to identify a specific objection or exception in response to question number 15, the employer did not completely fill out its application for Board review and, therefore, failed to comply with the prescribed formatting and completion requirements (see 12 NYCRR 300.13 [b] [1], [3] [iii]; [4]; Matter of Presida v Health Quest Sys., Inc., 174 AD3d at 1198). Accordingly, we find that the Board acted within its discretion in denying the employer's application for Board review and, therefore, discern no basis upon which to disturb the Board's decision (see Matter of Perry v Main Bros Oil Co., 174 AD3d at 1259-1260). In light of our decision, the employer's remaining contentions are academic.
Mulvey, J.P., Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.